# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL ACTION: 1:11-00195-KD-B-1** |
| | ) | |
| **WILLIAM NORMER OVERSTREET,** | ) | |
| **Defendant.** | ) | |

## ORDER

This matter is before the Court on Defendant's motion to amend the judgment. (Doc. 27).

On July 28, 2011, Defendant William Normer Overstreet (Overstreet) was charged in a one-count indictment for a June 14, 2011 bank robbery at a Wells Fargo Bank in Mobile, Alabama, in violation of 18 U.S.C. § 1113(a), alleging he "by force and violence and by intimidation, did take and attempt to take from the person and presence of teller...monies....of $1,050.00....". (Doc. 1). On September 19, 2011, Overstreet pleaded guilty to the bank robbery count. (Docs. 16, 17). On January 19, 2012, Overstreet was sentenced to the custody of the Bureau of Prisons for 115 months, and three (3) years of supervised release; judgment issued against him. (Doc. 25). Overstreet did not appeal.

On December 2, 2019, almost seven (7) years later, Overstreet moved to amend the judgment. (Doc. 27). In so doing, Overstreet argues: "his Indictment was and is fatally defective" and "no threat was contained in the evidence of his case. Therefore, this Court lacked subject matter jurisdiction because a threat is a necessary element in the section of the Bank Robbery [18 U.S.C. § 2113(a)] he was charged with." (Doc. 27 at 1-2). As indicated in the Court's January 7, 2020 Order (Doc. 28):

> Apparently then, Overstreet's argument concerns the validity, legality, and propriety of his indictment, conviction, and judgment. This appears to be an attack on his conviction or sentence. As a result, any potential for relief for Overstreet lies in the form of a habeas petition pursuant to 28 U.S.C. § 2255. A review of the record indicates that no habeas petition has been filed to date. Thus, the Court construes Overstreet's motion as attacking his conviction and sentence and thus, an initial motion for habeas relief per Section 2255 to vacate the judgment.
>
> As the Supreme Court instructed in <u>Castro v. United States</u>, 540 U.S. 375, 383 (2003), because the undersigned has recharacterized Overstreet's *pro se* pleading as an initial § 2255

1

motion "the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." In accordance with Castro, the Court hereby:

**1) NOTIFIES** Overstreet that his motion to amend the judgment (Doc. 27) is **RECHARACTERIZED** as a Section 2255 habeas petition;

**2) WARNS** Overstreet that this recharacterization means that his § 2255 motion (Doc. 27) and any subsequent § 2255 motion is/are susceptible to the procedural limitations imposed on § 2255 motions, specifically the one-year limitation period and the successive-motion (second successive petitions) time bar; and

**3) NOTIFIES** Overstreet of his options -- he may (a) PROCEED under 28 U.S.C. § 2255 only on the claims in the § 2255 motion (Doc. 27); or (b) AMEND the § 2255 motion (Doc. 27) to assert any additional claims he wishes to assert under § 2255 in challenging his conviction and sentence; or (c) WITHDRAW the § 2255 motion (Doc. 27) and dismiss this action. ***Overstreet shall file a Notice in this Court, on or before February 10, 2020, stating how he wishes to proceed.***

The Clerk is **DIRECTED** to mail a copy of this Order to Defendant Overstreet.

(Doc. 27). As such, Defendant Overstreet was given until February 10, 2020, to file a Notice with the Court indicating how he wished to proceed.

To date, however, Defendant Overstreet has failed to file anything in response to the Court's Order. The Court thus construes Defendant Overstreet's silence as a withdrawal of his motion to amend the judgment. As such, Defendant Overstreet's *pro se* motion to amend the judgment (Doc. 27), construed as a Section 2255 motion, is deemed **WITHDRAWN.**

**DONE** and **ORDERED** this the **20th** day of **February 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**